UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

GREGORY JOHNSON,

        Plaintiff,                Case No. 2:11-cv-183

v.                                        Honorable Robert Holmes Bell

UNKNOWN ISON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Gregory Johnson presently is incarcerated at the Newberry Correctional Facility (NCF). He sues the following NCF officials: Mailroom Supervisor (unknown) Ison; Business Manager George Sevarns; Assistant Deputy Warden James A. Young; and Warden Mitch Perry.

Plaintiff's allegations are somewhat difficult to decipher, as they are limited to four short paragraphs containing almost exclusively legal conclusions. On January 20, 2011, Defendant Ison failed to forward to the United States Post Office an unidentified item of certified mail; apparently, the mail was handled as ordinary mail.[1] Plaintiff alleges that Ison's actions were criminal, arising out of deceit or deception, and were committed with specific criminal intent to destroy his certified mail. Plaintiff appears to have complained to Defendant Sevarns, who, on February 24, 2011, referred Plaintiff to an "incorrect" mail policy as the reason for handling Plaintiff's mail request as regular mail. Plaintiff alleges that Sevarns' response demonstrates that he was participating in a scheme to defraud and cover up Ison's improper mail handling. On March 18, 2011, Young allegedly lied by corroborating Sevarns' reference to the same mail policy. Finally, Plaintiff asserts that, on March 31, 2011, Defendant Warden Perry intentionally disregarded governing certified mail policy, thereby showing himself to be:

> a co-conspirator who wilfully caused a "Deprivation" in policy of honest and loyal services of prison official or failure to disclose material information as an attempt to cover up scheme through fails pretenses; taking of money or property or rights of another through use of kickbacks, extortion, bribery, tax evasion, perjury, or violation of some federal statute; and use of United States Mails.

---

[1] Indeed, the certified trust account statement submitted with Plaintiff's application for leave to appeal *in forma pauperis* reflects a regular postage disbursement in the amount of $5.71 on January 20, 2011.

(Compl., docket #1, Page ID#3.)

For relief, Plaintiff seeks the enforcement of federal laws, together with $1 million in damages "stemming from a scheme to defraud and used or caused to be used the mails in furtherance of that scheme." (*Id.*, Page ID#4.)

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to allege that Defendant Ison incorrectly applied an unspecified prison mail policy and failed to forward his unidentified mail to the post office as certified mail. He appears to allege that the mail was handled as ordinary mail.

While a prisoner has a First Amendment right to send mail, *see Hudson v. Palmer*, 468 U.S. 517, 547 (1984), Plaintiff makes no allegation that he was deprived of his right to send mail. He alleges only that his desire to send some piece of mail by certified mail was not met. Plaintiff's allegations against Defendant Ison are vague and wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. As previously discussed, a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff does not indicate what item he sought to mail or why he required certified mail. He does not indicate how a failure to send unspecified mail as certified mail was in any way injurious to his right to communicate, and he does not allege that the denial in any

way interfered with his right to access the courts. Because his factual allegations are inadequate, Plaintiff fails to state a claim.

Plaintiff's claims against Defendants Sevarns, Young and Perry fail to state a claim for an additional reason. Plaintiff's only allegations against these Defendants is that they failed to conduct an investigation in response to his grievances or otherwise failed to satisfactorily respond to those grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Sevarns, Young and Perry engaged in any active unconstitutional behavior. Accordingly, his claim against them fails for this additional reason.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 15, 2011                      /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE